INTREPID, PLAINTIFF *v.* MAMIE E. POLLOCK, DISTRICT DIRECTOR OF CUSTOMS AND UNITED STATES, DEFENDANTS

Court No. 88-04-00279

(Dated March 1, 1991)

*Holland & Knight* (*David H. Baker, Dickson R. Loos* and *Mitchell H. Stabbe*) for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*); of counsel: *Tanya J. Potter,* Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for defendants.

MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge*: Defendants, Mamie E. Pollock, District Director of Customs, and the United States (collectively, "United States") bring this motion to strike Appendix II of Plaintiff's *Memorandum of Points and Authorities in Support of Motion for Remand Based Upon Agency Record* ("Plaintiff's Memorandum"). Defendants claim that the materials in Appendix II would impermissibly enlarge the scope of the administrative record for judicial review since they were generated after the determination which plaintiff has challenged was issued.

In this case, plaintiff, Intrepid, seeks review of the determination by the Department of Commerce ("Commerce"), that the British Standard 1387 pipe manufactured by Intrepid is within the scope of the antidumping duty order issued by Commerce as to certain steel pipes and tubes from Thailand. *Antidumping Duty Order; Circular Welded Carbon Steel Pipes and Tubes From Thailand*, 51 Fed. Reg. 8,341 (1986). The merits of plaintiff's action are still pending.

The antidumping duty order was issued by Commerce on March 11, 1986. *Id.* On February 24, 1988, Intrepid's counsel requested that Commerce determine if the BS–1387 pipe was within the scope of the order. Commerce then notified interested parties of Intrepid's request and solicited comments from them. Administrative Record ("AR") (Public) Doc. 2. The petitioner and a foreign manufacturer responded and asserted that Intrepid's pipe should be included within the scope. AR (Pub.) Docs. 3 and 7. On January 19, 1989, Commerce confirmed to plaintiff's counsel that Intrepid's BS–1387 pipe was indeed within the scope of the order. AR (Pub.) Doc. 9.

On April 12, 1988, plaintiff filed a Summons and Complaint seeking a preliminary injunction to prevent Commerce from including BS–1387 pipe in the scope. After Commerce issued its January 19, 1989 determination, plaintiff amended its Complaint to include a challenge of the scope determination. Pursuant to *Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990), the amended Complaint was accepted by this Court on October 1, 1990.

A determination by Commerce "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping * * * duty order" may be contested in this court pursuant to 19 U.S.C. § 1516a(2)(A) (1988). See also 19 U.S.C. § 1516a(2)(B)(vi) (1988). In order for the court to find such a determination unlawful, the determination must be "unsupported by substantial evidence *on the record*, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988) (emphasis added). The record for review includes all information submitted to or obtained by Commerce "during the course of the administrative proceeding," as well as a copy of the determination and transcripts of all conferences or hearings. 19 U.S.C. § 1516a(b)(2)(A) (1988).

The caselaw of this court has been very clear that the administrative record is limited to "the particular review proceeding which results in the determination which is the subject of challenge." *Beker Indus. Corp. v. United States*, 7 CIT 313, 315 (1984); *Ipsco, Inc. v. United States*, 13 CIT 489, 494–95, 715 F. Supp. 1104, 1109 (1989). Any information received by Commerce after the particular determination at issue is not part of the reviewable administrative record. *Ipsco*, 13 CIT at 495, 715 F. Supp. at 1109.

Since plaintiff made its scope clarification request on February 24, 1988, and Commerce issued its scope determination on January 19,

1989, the period between these two dates is the relevant period of review. Any submissions which plaintiff or defendants wanted on the record had to be made within that time.

Plaintiff's Appendix II contains the "Verified Statement" of a metallurgist dated November 14, 1989, over nine months after the scope determination was issued. Appendix II also includes a letter from Commerce to plaintiff's counsel dated February 28, 1990, more than a year after the determination. Plaintiff asserts that it submitted Appendix II to the Court as "an example of the type of evidence that ITA should have considered" when it made its scope determination. *Reply to Motion to Strike* at 1.

The statute and caselaw are unequivocal that the Court's finding must be based on the evidence on the record. The record in this case includes all materials submitted to or obtained by Commerce between February 24, 1988 and January 19, 1989. Clearly, the documents in Appendix II are not a legitimate part of the record, since they were made well after the determination was issued.

If the evidence on the record is substantial and supports Commerce's conclusion, and the determination is otherwise in accordance with law, the determination must be affirmed. 19 U.S.C. § 1516a(b)(1)(B). Even if the Court disagrees with Commerce's decision, it may not overturn it if the conclusion is a reasonable one supported by the evidence *on the record. See United States v. Zenith Radio Corp.*, 64 CCPA 130, 143, C.A.D. 1195, 562 F.2d 1209, 1219 (1977), *aff'd*, 437 U.S. 443 (1978); *Mitsubishi Elec. Corp. v. United States*, 12 CIT 1025, 1050–51, 700 F. Supp. 538, 558 (1988), aff'd, 898 F.2d 1577 (Fed. Cir. 1990).

Since the Court may consider only the evidence which is already on the record, plaintiff must limit itself to challenging the determination on the basis of whether *that* evidence is substantial and whether the determination is otherwise in accordance with law. Plaintiff may not submit newly discovered evidence generated after the determination was issued. Accordingly, the Court holds that the addition of Appendix II to the record would be an impermissible expansion of the administrative record in this case. Defendants' motion to strike is, therefore, granted, and plaintiff's Appendix II and all references to it, shall be stricken from the record.